UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SUAMINKA CONERLY | * | CIVIL ACTION NO. 16-14583 |
| | * | |
| | * | SECTION: "E"(1) |
| VERSUS | * | |
| | * | JUDGE SUSIE MORGAN |
| GEORGIA STATE UNIVERSITY | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************** | * | |

REPORT AND RECOMMENDATION

On September 6, 2016, plaintiff Suaminka Conerly filed a Complaint that states "July 30, 2016 around 12:00 p.m. I had slipped and fall on the Georgia State University Courtland St. N.E. Stairs. I had hit my head, legs, and my back was injured in the slip and fall." (Rec. Doc. 1). Conerly is appearing pro se without representation of counsel. On September 9, 2016, the Clerk of Court issued a deficiency notice (Rec. Doc. 3) to Conerly informing Conerly that the Complaint was deficient because it did not bear an original signature, it did not include the filer's contact information below the signature block, and was not signed by the filer personally, all as required by Local rule 11.1. The Clerk of Court requested a properly formatted, captioned and signed complaint within 21 days. The Complaint was also marked deficient because it did not comply with the typeface and spacing requirements of Local Rule 10.1, and the Clerk of Court advised Conerly that future filings must comply with the requirements of Local Rule 10.1.

On November 10, 2016, this Court ordered Conerly to show cause by filing a written statement on or before November 30, 2016, why the Complaint should not be stricken from the record for failing to comply with Rule 8 (Rec. Doc. 4). Ms. Conerly has not filed a statement into the record.

Federal Rule of Civil Procedure provides that:

> Every pleading . . . must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address and telephone number. . . . **The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention**.

Fed. R. Civ. Proc. 8 (emphasis added). Both the Clerk of Court and the undersigned by issuance of the November 10, 2016, Order have brought the omission of Conerly's signature to her attention. She has failed to remedy the Complaint by filing an amended complaint with a signature. Accordingly,

IT IS RECOMMENDED THAT the Complaint be stricken from the Record and this lawsuit be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  9th  day of December, 2016.

*Janis van Meerveld*
Janis van Meerveld
United States Magistrate Judge